UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELISSA A. D.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-CV-6122-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's partial denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of Plaintiff's testimony regarding the severity of her symptoms. Had the ALJ properly considered this testimony, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the disability determination for the period from August 25, 2017, to January 2, 2020, may have changed. The ALJ's error is, therefore, not harmless, and the partial

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

denial of benefits is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order. Defendant's unchallenged decision finding Plaintiff disabled beginning January 3, 2020, is affirmed.

## I.   Factual and Procedural History

Plaintiff filed a claim for SSI on August 25, 2017, alleging disability beginning on November 24, 2009. Dkt. 8, Administrative Record ("AR") 446–50. Her application was denied at the initial level and on reconsideration. AR 174, 190. She requested a hearing before an ALJ. AR 254–56. The initial hearing took place on March 1, 2019, and a supplemental hearing was held on August 28, 2019. AR 95–129, 1881–1900. Plaintiff was represented by counsel at the hearings. *See* AR 95, 1881. On February 28, 2020, the ALJ issued an unfavorable decision denying benefits. AR 208–37. The Appeals Council granted Plaintiff's request for review and remanded the claim for a new hearing. AR 238–43.

The new hearing was held on April 6, 2021, and Plaintiff was again represented by counsel. AR 1901–41. On May 5, 2021, the ALJ issued another unfavorable decision denying benefits. AR 12–36. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. AR 1–6, 2053–55. On October 17, 2022, based on the parties' stipulation, the Court reversed the ALJ's decision and remanded Plaintiff's claim for a new hearing. AR 2057–58. On remand, the claim was consolidated with a subsequent claim filed on May 24, 2022. AR 2063.

On May 9, 2023, another hearing took place before an ALJ. AR 1982–2021. Plaintiff was represented by counsel at the hearing. *See* AR 1982. The ALJ issued a partially favorable decision finding that Plaintiff had been disabled since January 3, 2020, but concluding she was

not disabled between August 25, 2017, and January 2, 2020.[2] AR 1942–81. Plaintiff again appealed to this Court. *See* Dkts. 1, 6.

**II.    Standard of Review**

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.   Discussion**

Plaintiff contends the ALJ erred in evaluating her testimony about the severity of her symptoms, lay witness testimony, and certain medical opinion evidence in the record, resulting in an erroneous RFC. Dkt. 10 at 2.

---

[2] The ALJ wrote: "The claimant alleges disability since 2009, but the record does not contain medical evidence before 2016, and because she filed her applicable address queries on August 25, 2017, the earliest date she could be found disabled would be in August of 2017." AR 1953. Plaintiff does not challenge this this finding. *See* Dkt. 10. Plaintiff also does not challenge the ALJ's decision finding her disabled beginning January 3, 2020. *Id.* at 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

A. *Subjective Symptom Testimony*

Plaintiff argues the ALJ failed to properly evaluate her testimony regarding the severity of her symptoms. *Id.* at 10–11.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged symptoms; rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).

If the claimant satisfies this first step and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ to make "specific finding[s]:"

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g).

When a claimant has established a medical impairment reasonably likely to be the cause of alleged pain, an ALJ may not reject the claimant's testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991). "Although an ALJ may use '*inconsistent* objective medical evidence in the record to discount subjective symptom testimony,' the ALJ 'cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony.'" *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (quoting *Smartt*, 53 F.4th at 498). "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

In his written decision, the ALJ summarized Plaintiff's testimony as follows:

> At the March 1, 2019 hearing, the claimant testified to headaches 2-3 times a month that lasted 24-48 hours. The headaches were accompanied by nausea but no vomiting, light and sound sensitivity, and she treated them by lying down in a dark room. She also testified to back pain that radiated to her left leg, asserting that she had been prescribed a cane approximately 18 months before by her primary care provider, Dr. Mary Cyr. She used it when in a lot of pain and having a hard time walking. She said her medications helped with some but not all of the pain. She estimated that she was able to lift and carry less than 10 pounds, sit for no more than 30 minutes, stand for 5 minutes, walk for 5 minutes. She also reported getting treatment for depression and anxiety but denied counseling. When asked to explain the reason, she said that her mental symptoms were "kind of under control" with her medications.

AR 1952–53 (internal citations omitted). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but found her statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully consistent with the evidence in the record. AR 1953. He wrote, "[e]vidence from the claimant's treatment record shows that the claimant is not as restricted as alleged[.]" *Id.*

After summarizing the medical evidence in the record, the ALJ wrote:

> The claimant based her disability claim in large part on subjective complaints; therefore, the consistency of her allegations with the record as a whole is of utmost importance in this analysis. The above discussion of the medical evidence of record establishes that the claimant has significant functional limitations resulting from her impairments, thus supporting her testimony to some degree. But the treatment record fails to establish more restricted functioning than outlined in the residual functional capacity.

AR 1955. The ALJ addressed three general subjects of Plaintiff's testimony: Plaintiff's claims regarding her sitting, standing, and walking capacity; Plaintiff's alleged mental limitations; and Plaintiff's testimony that Dr. Cyr had prescribed use of a cane. AR 1955–56.

1. <u>Sitting, Standing, and Walking Capacity</u>

The ALJ first found the record was "inconsistent with the claimant's claims [regarding] her sitting, standing, and walking capacity," concluding the "largely unremarkable physical findings" provided "insufficient evidence of greater physical functional limitations" than those included in the RFC. AR 1955–56.

The ALJ wrote that Plaintiff's treating physician, Dr. Cyr, had "consistently noted 'spine/ribs/pelvis spasm'" but had also consistently found normal gait and motor strength. AR 1955. He also pointed out that "[t]he claimant asserted decreased range of motion consistently at visits with Dr. Cyr; however, [in] every visit note, from 2016 through October 2019, [Dr. Cyr] stated that the claimant's 'back has been worse last 2 months,' suggesting that the review of

systems was not truly updated at each visit." *Id.* The ALJ's citations to the record support this statement. However, the ALJ does not explain his reasoning for assuming one portion of the medical records was "not truly updated at each visit" but not extending that reasoning to other portions of the medical records that also remained identical across multiple visits. *See, e.g.*, AR 656–57, 659–60, 662, 665–66, 671–72, 674–75, 677–78, 680–81, 684, 686–87, 690, 692–93 (identical findings on physical exam). The ALJ then wrote, "Dr. Cyr did not make range of motion or strength findings at any examinations before January of 2020," despite his earlier finding that Dr. Cyr had consistently found Plaintiff to have "normal . . . motor strength." AR 1955. Again, he does not explain this apparent inconsistency.

Finally, the ALJ noted Plaintiff exhibited normal gait, normal range of motion throughout, and full strength in the upper and lower extremities on consultative examination. AR 1955–56 (citing AR 705–06). But Plaintiff's testimony indicated the restrictions to her sitting, standing, and walking capacity were due to back pain. The ALJ does not explain how these unremarkable physical findings contradict Plaintiff's subjective pain testimony. For these reasons, the ALJ's finding that Plaintiff's testimony about her sitting, standing, and walking capacity was inconsistent with the medical evidence in the record does not constitute a sufficiently specific, clear, and convincing reason for rejecting her testimony.

2. Mental Limitations

The ALJ next found "insufficient evidence to support greater mental limitations than those assessed for the period before January of 2020." AR 1956. He specified that greater limitations in mental health functioning were not established by the record "given the largely unremarkable mental findings on exam with Dr. Cyr and the claimant's reports of improvement on migraine medications[.]" *Id.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

In this portion of the ALJ's decision, he referenced Plaintiff's testimony in response to his questioning about her depression and anxiety at the March 1, 2019, hearing. *See* AR 2238–39. Plaintiff testified she was receiving treatment for depression and anxiety from her primary care physician and neurologist but had not had any counseling appointments. AR 2238–39. When the ALJ asked why she had not sought counseling, Plaintiff responded that she had not "had a chance to get to the counseling center" and that her anxiety and depression were "kind of under control" with the prescribed medications. AR 2239.

Here, it is not clear which testimony the ALJ found not credible. It appears the ALJ accepted the above testimony, which was the only testimony he cited in this section. Further, though the ALJ stated Plaintiff's symptoms had improved "on migraine medications," this portion of Plaintiff's testimony only indicated her depression and anxiety symptoms were improved on medication. In fact, the ALJ did not address Plaintiff's testimony regarding her migraine symptoms at all. Because the ALJ failed to "specifically identify the testimony she or he finds not to be credible" and "explain what evidence undermines the testimony[,]" *Holohan*, 246 F.3d at 1208, this is not a sufficiently specific, clear, and convincing reason for rejecting Plaintiff's testimony.

### 3. Use of Cane

Finally, the ALJ addressed Plaintiff's testimony that Dr. Cyr had prescribed use of a cane:

> The claimant also testified that Dr. Cyr prescribed a cane approximately 18 months before the March 2019 hearing (September 2017). But the doctor's records do not mention use of a cane with the exception of the doctor's medical source statement, on which she asserted that the claimant must use a cane or other assistive device. The claimant did not present with a cane or other assistive device to visits with Dr. Cyr or others. And Dr. Rogers noted on exam in December of 2017 – after the time of the reported can [sic] prescription – that the claimant did not need an assistive device. Given the lack of information that the claimant used a cane or other assistive

device with any regularity before January of 2020, the undersigned finds insufficient evidence to include the use of such a device in the residual functional capacity.

AR 1956 (internal citations omitted).

At the hearing, Plaintiff testified she did not use her cane all the time, but only when she was experiencing high levels of pain and having a hard time walking. AR 2247. The ALJ did not address this testimony when discussing Plaintiff's use of the cane, nor did he provide any citation for his assertion that Plaintiff never presented with a cane at medical visits. The ALJ cited only to one medical opinion from the provider who purportedly prescribed the cane stating that Plaintiff needed to use an assistive device and to another medical opinion from a mental evaluation at which the provider stated "[t]he use of assistive devices is not required." AR 1956 (citing AR 709, 868). Although the ALJ is responsible for resolving conflicts in the evidence, he must explain his reasoning to allow for this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter*, 806 F.3d at 492. The ALJ did not sufficiently explain his reasoning for taking the word of one provider over another on this matter. Therefore, this is not a sufficiently specific, clear, and convincing reason for rejecting Plaintiff's testimony.

Because the ALJ did not provide any specific, clear, and convincing reason for rejecting Plaintiff's testimony about the severity of her symptoms, the ALJ erred. This error was not harmless. Had the ALJ properly considered Plaintiff's testimony, he may have included additional limitations in the RFC, such as time constraints on Plaintiff's ability to sit, stand, or walk, or reached a different conclusion regarding disability for the period of August 25, 2017, through January 2, 2020. Accordingly, reversal is appropriate.

B. *Remedy*

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Plaintiff requests the Court reverse the ALJ's decision and award benefits for the period of August 25, 2017, through January 2, 2020. Dkt. 10 at 19. Plaintiff does not explain why she is entitled to this extraordinary remedy, nor has she shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved concerning Plaintiff's functional capabilities during the period in question. Therefore, remand for further administrative proceedings is appropriate.

C. *Remaining Issues*

Plaintiff also argues the ALJ erred in considering the medical opinion evidence, lay witness testimony, and in formulating Plaintiff's RFC. Dkt. 10 at 3–10, 17–19. The Court concludes the ALJ committed harmful error in evaluating Plaintiff's subjective symptom testimony. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must also reconsider the medical evidence on remand. As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 for the period of August 25, 2017, through January 2, 2020.

IV. **Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled between August 25, 2017, and January 2, 2020. Accordingly,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

Defendant's decision to deny benefits for that period is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. Defendant's unchallenged decision finding Plaintiff disabled beginning January 3, 2020, is affirmed.

Dated this 31st day of July, 2024.

*[signature]*

David W. Christel
United States Magistrate Judge